UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(TRENTON VICINAGE)

**PROCHNIAK WEISBERG, P.C.**
MATTHEW B. WEISBERG
7 SOUTH MORTON AVE.
MORTON, PA 19070
610-690-0801

Anthony Johnson
305 Sturwood Way
Lawrenceville, NJ 08648

        Plaintiff,

   v.

Multi-Solutions, Inc.
197 Route 18 South
South Tower, Suite 3000
East Brunswick, NJ 08816

    And

Victor Wexler d/b/a Multi-Solutions
197 Route 18 South
South Tower, Suite 3000
East Brunswick, NJ 08816

    And

Larry Blough d/b/a Multi-Solutions
197 Route 18 South
South Tower, Suite 3000
East Brunswick, NJ 08816

    And

James Daniels
699 West Grand Avenue
Rahway, NJ 07065

    And

Gateway Home Equity, Inc. d/b/a
Gateway Funding Diversified
Mortgage Services d/b/a Ivy
Mortgage
300 Welsh Road, Building 5
Horsham, PA 19044

CIVIL ACTION NO.: 3:08-cv-05134

JURY OF TWELVE (12) JURORS DEMANDED

1

|  |  |
|---|---|
| And | : |
|  | : |
| Carl Gensib | : |
| 850-870 Route 1 North | : |
| North Brunswick, NJ 08902 | : |
|  | : |
| And | : |
|  | : |
| John Does, 1-10 | : |
| Defendants. | : |

## FIRST AMENDED CIVIL ACTION COMPLAINT

### I.   Preliminary Statement

1. This is an action for an award of attorney's fees and costs, compensatory, statutory, treble and punitive damages, also seeking equitable, injunctive and other relief, for Defendants' Foreclosure Rescue Scam, deed conversion, unfair or deceptive acts and practices ("UDAP"), conspiracy and/or aiding and abetting same.

2. Individually, jointly and/or severally, Defendants are liable to Plaintiff for, but not limited to, the below causes of action and aforesaid remedies, for the reasons stated, which reasons are currently known, upon information and/or belief, and/or will be proven in discovery and/or at trial.

3. At all times material, Plaintiff here reserves the right to rely on the "Discovery Rule" and/or the Doctrine(s) of Equitable Tolling/Fraudulent Concealment, respectively.

### II.   Jurisdiction and Venue

4. Jurisdiction in this Honorable Court is based on federal question conferred by 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

5. Venue lies in this District in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principle place of business, and/or does business here, and/or the subject of this action is situated within this district.

### III.   Parties

6. Plaintiff, Anthony Johnson ("Plaintiff"), is an adult individual, currently residing at the above-captioned address.

7. Defendant, Multi-Solutions, Inc. ("Multi"), is a duly incorporated corporation under and by virtue of the laws of the State of New Jersey, maintaining its principle place of business at the above captioned address.

8. Defendant, Victor Wexler, doing business as Multi-Solutions, Inc. ("Wexler"), is an adult individual doing business at the above captioned address, at all times material acting individually and/or doing business as Multi.

9. Defendant, Larry Blough, doing business as Multi-Solutions, Inc. ("Blough"), is an adult individual doing business at the above captioned address, at all times material acting individually and/or doing business as Multi.

10. Defendant, James Daniels, is a citizen of and an adult individual doing business at the above captioned address.

11. Defendant, Gateway Home Equity, Inc., doing business as Gateway Funding Diversified, doing business as Ivy Mortgage, ("Lender") is a duly incorporated corporation under and by virtue of the laws of the Commonwealth of Pennsylvania, maintaining its principle place of business at the above captioned address.

12. Defendant, Carl Gensib ("Gensib"), is a citizen of and an adult individual doing business as the above captioned address, at all times material acting as an agent and attorney for Multi acting as Settlement and closing Agent.

13. Defendants, John Does 1-10, at all times material were and/or are agents, servants, work persons, employees and/or affiliates of the above defendants and/or are liable hereunder.

14. At all times material, Defendants were acting individually, within the course and scope of their authority and employment, and/or through their agents, servants, work-persons, and/or employees, respectively.

15. At all times material, Defendants acted individually and/or on behalf of each other as agents, servants, work-persons, alter ego's, and/or employees thereof.

16. Defendants are liable to Plaintiff, directly, indirectly, contractually, expressly, implicitly, as a matter of law and/or vicariously, including but not limited to liability via a third-party beneficiary relationship, and/or via conspiring and/or aiding and abetting.

### IV.  Background

17.  In or around 2006, Plaintiff fell behind on his mortgage payments for, 854 Greenwood Avenue, Trenton, NJ 08609 ("Premises"), due to his inability to work from injures sustained while working.

18.  Plaintiff applied and qualified for welfare to pay Plaintiff's mortgage while he was unable to work.

19.  Welfare did not immediately begin paying Plaintiff's mortgage causing Plaintiff to become delinquent and in foreclosure.

20.  After Plaintiff's home was listed for a sheriff's sale, Plaintiff was contacted via letter by Multi, Wexler and Blough.

21.  At all times material prior to the closing (discussed below), Defendants, Wexler, Blough and Multi, caused Plaintiff to believe that Plaintiff would retain ownership to the premises while an investor, Defendant, Daniels, would provide funding for one (1) year while repairs were completed.

22.  Defendants, Multi, Wexler and Blough, arranged for Plaintiff's Sheriff's foreclosure sale to be postponed approximately three to four times in order to conclude the above mentioned deal.

23.  On or about October 20, 2006, Plaintiff attended a closing with Wexler, Gensib and Daniels.

24.  The paperwork presented to Plaintiff was blank.

25.  When Plaintiff questioned the blank paperwork, Wexler told Plaintiff it would be filled in later with the specifics previously discussed.

26.  At the time of the closing, Plaintiff had an imminently scheduled sheriff sale on the premises, scheduled for October 25, 2006.

27.  Plaintiff, feeling he was backed into a corner with a Sheriff's Sale pending, signed the paperwork based on Defendant's, Wexler, representations as to the terms.

28.  After the closing, Plaintiff discovered that he had not leased his home for repairs but rather he had into a "Foreclosure Rescue Scam", or a lease to buy back.

29. After the closing, Plaintiff discovered that the paperwork was filled in to appear as if Plaintiff sold his home to Daniels and was now required to make monthly rent payments, in the amount of $1,300.00 and Plaintiff would repurchase the premises for $191,000.00 after one (1) year.

30. Prior to this "sale", Plaintiff's monthly payments were approximately $650.00.

31. After the closing, Plaintiff also discovered that Multi, Wexler and Blough included fees and charges that were neither *bona fide* nor reasonable including, but not limited to, the following:

    a. a $16,000 fee for Multi;

    b. $30,000 escrowed for renovations;

    c. $23,640.47 cash to Plaintiff;

    d. $3,000.00 escrow created for a "second mortgage" that had previously been paid;

    e. a $4,000.00 payment to Real Estate Consortium;

    f. a $30,505.80 payment to Multi for "other debts"

    g. $7,500.00 attorney fee; and

    h. $2,000.00 escrowed to pay off a "mortgage" payment.

32. Defendant, Lender, provided the funding for Defendant's, Daniels, purchase of the premises.

33. Upon information and belief, Defendant, Daniels, had a contact with Defendant's, Lender, representative Defendant, John Doe.

34. The above contact ensured the above closing would proceed no matter the ability of Daniels to make payments.

35. Based on the facts of the transaction Plaintiff is an implied borrower from Defendant, Lender.

36. Unknown to Plaintiff, Defendant, Lender, received application and commitment fees.

37. Defendant, Daniels, acted as a "straw purchaser" for Plaintiff for what was essentially a refinance.

38. To date, no repair work on the premises has been completed despite the funds escrowed by Defendant's for repairs.

39. Plaintiff has not received any funds from the renovation escrow.

40. Upon information and belief, Plaintiff's property was never listed at the Real Estate Consortium nor was this charge explained to Plaintiff.

41. Plaintiff never received any funds from the closing.

42. The additional escrows for mortgages were unnecessary.

43. Plaintiff had no attorney representing him.

44. Plaintiff had no "other debts" in the amount of $30,505.80.

45. Plaintiff did not receive any profits and/or proceeds from the Loan or closing.

46. At all times material, Plaintiff believed the agreement was to enable him to keep his long-time held intra-family home.

47. Subsequent to the above, on approximately three (3) separate occasions, Defendant, Multi, has broken into the premises causing damage, including but not limited to kicking in the door and changing Plaintiff's locks.

48. Unpon information and belief, the above breaking by Defendant, Multi, were done at the request of Defendants, Lender and Daniels.

49. Upon instructions and belief, Defendant, Daniels, has failed to pay his mortgage and is currently in foreclosure.

50. The foreclosure has been commenced and prosecuted by Defendant, Lender and/or at its behest.

51. As a result of the foregoing, Plaintiff has suffered injuries including, but not limited to: (1) pain and suffering, including emotional distress and embarrassment; (2) damage to credit rating and/or credit defamation; (3) financial loss(es), including lost opportunity(ies) and/or equity; (4) loss and/or possible loss of the premises; (5) attorneys fees and court costs; and/or (6) such other and further injuries as will be determined in discovery and/or at trial, including aggravation of a pre-existing condition(s).

    **V.    Causes of Action**

52. Paragraphs above are incorporated by reference as if fully set forth at length herein and below.

53. Plaintiff is a natural person provided with the right to defer payment of debts or to incur payment of debt and defer payment, and the credit offered or extended was primarily for personal, family and/or household purposes.

54. As a matter of law, Plaintiff and Defendants are "persons."

A. Statutory

### COUNT I
**Truth-in-Lending Act ("TILA")/Home Ownership and Equity Protection Act ("HOEPA")**
*Plaintiff v. Defendants*

55. At all times material, Defendants, in the ordinary course of business, extended and/or arranged for the extension of consumer credit and/or offered to extend or arrange for the extension of such credit.

56. The Loan was a residential mortgage loan subject to Plaintiff's right of rescission, and/or right of statutory and/or actual damages described by 15 U.S.C. §1635 and 12 C.F.R. §226.23.

57. In said loan transaction, Plaintiff did not receive the disclosures required by the Truth-In-Lending Act ("TILA"), 15 U.S.C. §1601, et. seq., and Regulation Z of the Federal Reserve Board ("Regulation Z"), 12 C.F.R §226.1 et seq., including, but not limited to, notice pursuant to the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. §1639(a) ("HOEPA").

58. Defendants failed to deliver all "material" disclosures required by TILA and Regulation Z, including but not limited to:

> (a) Failing to properly and accurately disclose the "amount financed," described in and in violation of Regulation Z §226.18(b) and 15 U.S.C. §1638(a)(2)(A);
>
> (b) Failing to clearly and accurately disclose the "finance charge," described in and in violation of Regulation Z §226.4 and 15 U.S.C. §1638(a)(3);
>
> (c) Failing to clearly and accurately disclose the "annual percentage rate," described in and in violation of Regular Z §226.18(e) and 15 U.S.C. §1638(a)(4);
>
> (d) Failing to comply with the special disclosure requirements of Regulation Z §226.32;

8

    (e) Failing to timely provide each Plaintiff with two (2) copies of a Notice of his/her Rights to Rescind the Transaction and/or one (1) copy each of the form Disclosure pursuant to TILA and/or HOEPA.

59. Due to the violations of TILA and Regulation Z, Plaintiff has an ongoing right to rescission and/or statutory and actual damages.

60. The Loan was a high rate mortgage within the meaning of 15 U.S.C. §1602(aa)(1)(B), in that the total points and fees Defendants charged Plaintiff, in addition to interest, exceeded eight percent of the total loan amount or in that the APR trigger pursuant to HOEPA was met with respect to this transaction.

61. Because the transaction met the statutory definition of a high rate mortgage, it was subject to the additional disclosure requirements imposed by the TILA amendments contained in HOEPA, 15 U.S.C. §1639(a), et seq.

62. Defendants' failure to provide Plaintiff with an accurate and timely HOEPA disclosure(s), as required by law, constitutes a "material" disclosure violation(s), TILA, 15 U.S.C. §1602(u) (as amended), Regulation Z §226.23 (as amended).

## COUNT II
### Credit Repair Organizations Act ('CROA")
*Plaintiff v. Multi, Wexler & Blough*

63. At all times material, Plaintiff was a "consumer" as defined by 15 U.S.C & §1679(a)(1).

64. At all times material, Defendants were a "credit repair organization" as defined by 15 U.S.C §1679(a)(3).

65. For the reasons befor said at all times material Defendants were in violation of 15 U.S.C §1679, et seq.

## COUNT III
### Real Estate Settlement Procedures Act ("RESPA")
*Plaintiff v. Defendants*

66. Plaintiff's loan was a federally related consumer mortgage loan as defined by RESPA, 12 U.S.C. §2602, et seq., which Defendants are in violation thereof at all times material, including but not, the pre-

paid finance charges paid by Plaintiff are believed neither properly disclosed nor *bona fide* and/or *reasonable*, thus "fee splitting," a violations(s) herein.

## COUNT IV
### New Jersey Consumer Fraud Act (NJCFA)
*Plaintiffs v. Defendants*

67. At all times material, the closing(s) above described, constituted a "sale" of the aforesaid premises as that term is defined by the New Jersey Consumer Fraud Act, N.J. Stat. §56:8-1, et seq. (hereinafter "NJCFA"), which Defendants are in violation and liable therefore to Plaintiff.

## COUNT V
### Fraud
*Plaintiff v. Multi, Wexler, Blough, and Gensib*

68. Defendants misrepresented and/or omitted material facts to Plaintiff, including the aforesaid (incorporated herein by reference).

69. The aforesaid misrepresentations and/or omissions were made in an attempt to procure pecuniary gain from a security interest in Plaintiff's home, monetary consideration from the Plaintiff, and/or otherwise from the proceeds of the loan.

70. As the intended result of the aforesaid fraud, Plaintiff reasonably relied upon said misrepresentations and/or omissions to their detriment.

## COUNT VI
### Breach of Contract/Warranty
*Plaintiff v. Multi, Wexler, Blough, and Gensib*

71. At all times material, Plaintiff and Defendants were parties to an express contract(s) and/or contract(s) and/or warranties implied at law, which includes but is not limited to Defendants' as third-party beneficiaries, which Defendants are in breach thereof.

## COUNT VII
### Negligence
*Plaintiff v. Multi, Wexler, Blough, and Gensib*

10

72. At all times material, Defendants acted negligently, carelessly, and/or recklessly for the reasons aforesaid (incorporated by reference).

## COUNT VI
### Breach of Covenant of Good Faith and Fair Dealing
*Plaintiff v Multi, Wexler, Blough, and Gensib*

73. At all times material, Defendants breached the covenant of good faith and fair dealing for the reasons aforesaid (incorporated by reference).

## COUNT IV
### Breach of Fiduciary Duty
*Plaintiff .v Multi, Wexler & Blough*

74. At all times material, Defendants breached their fiduciary duties to Plaintiff for the aforesaid reasons (incorporated by reference).

## COUNT X
### Conspiracy and Aiding/Abetting
*Plaintiff v. Defendants*

75. At all times material, Defendants acted conspiratorially, in their design in concert, and/or aiding and abetting each other to perpetrate the harms and/or misconduct aforesaid (incorporated by reference).

**WHEREFORE**, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and/or severally, in an amount in excess of seventy-five thousand dollars ($75,000), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

    a. Termination of any security interest in Plaintiff's property which may have been created;
    b. Return of any money or property given by Plaintiff to anyone, including Defendants, in connection with the transaction;

  c. Statutory damages;
  d. Forfeiture and return of loan proceeds;
  e. Damages, including:
    i. Actual damages;
    ii. Treble damages;
    iii. Attorneys fees and expenses, and costs of suit; and
    iv. Punitive Damages.

           PROCHNIAK WEISBERG, P.C.


           <u>/s/ Matthew B. Weisberg, Esquire</u>
           MATTHEW B. WEISBERG, ESQUIRE
           REBECCA M. STEIGER, ESQUIRE
           Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(TRENTON VICINAGE)

**PROCHNIAK WEISBERG, P.C.**
MATTHEW B. WEISBERG
7 SOUTH MORTON AVE.
MORTON, PA 19070
610-690-0801

| | |
|---|---|
| Anthony Johnson<br>305 Sturwood Way<br>Lawrenceville, NJ 08648<br><br>                     Plaintiff,<br><br>         v.<br><br>Multi-Solutions, Inc., et al | :  CIVIL ACTION NO.: 3:08-cv-05134<br>:<br>:  JURY OF TWELVE (12) JURORS DEMANDED<br>:<br>:<br>:<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 9th of February 2009, a true and correct copy of the foregoing Plaintiffs' First Amended Civil Action Complaint was served via ECF and United States Mail, first class, postage prepaid, upon the following parties, respectively:

KENNETH THOMAS ULRICH
GATEWAY FUNDING DIVERSIFIED MORTGAGE SERVICES LP
300 WELSH ROAD
BUILDING 5
HORSHAM , PA 19044

Multi-Solutions, Inc.
197 Route 18 South
South Tower, Suite 3000
East Brunswick, NJ 08816


VICTOR WEXLER
*D/B/A MULTI-SOLUTIONS*
197 Route 18 South
South Tower, Suite 3000
East Brunswick, NJ 08816

LARRY BLOUGH
*D/B/A MULTI-SOLUTIONS*

197 Route 18 South
South Tower, Suite 3000
East Brunswick, NJ 08816

JAMES DANIELS
699 West Grand Avenue
Rahway, NJ 07065

CARL GENSIB
850-870 Route 1 North
North Brunswick, NJ 08902

PROCHNIAK WEISBERG, P.C.

<u>/s/ Matthew B. Weisberg</u>
MATTHEW B. WEISBERG
Attorneys for Plaintiffs