NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTHONY JOHNSON, : | |
| : | |
| Plaintiff, : | Civ. No. 3:08-cv-5134 |
| : | |
| v. : | **MEMORANDUM & ORDER** |
| : | |
| MULTI-SOLUTIONS, INC., JAMES : | |
| DANIELS, GATEWAY HOME EQUITY, : | |
| INC. d/b/a GATEWAY FUNDING : | |
| DIVERSIFIED MORTGAGE SERVICES : | |
| d/b/a IVY MORTGAGE, CARL GENSIB, : | |
| BANK OF AMERICA CORPORATION, f/n/a : | |
| COUNTRYWIDE HOME LOANS, INC., : | |
| Defendants | |

THOMPSON, U.S.D.J.,

This dispute arises out of a mortgage agreement between Plaintiff and Defendant James Daniels ("Daniels"), in which Plaintiff agreed to sell Daniels his home, with Defendant Gateway Home Equity ("Gateway") serving as Daniels' lender. The essence of the Amended Complaint is that Defendants defrauded Plaintiff into selling his home to Daniels, as Plaintiff believed that he was merely agreeing to lease his home from Daniels for one year, and instead, executed a mortgage. With respect to defendant Gateway, Plaintiff asserts claims arising under the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.*, the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*, and the New Jersey Consumer Fraud Act.

1

Gateway now moves to dismiss the Amended Complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. Entry No. 43.) This matter has been decided on the papers without oral argument. For the reasons set forth below, Gateway's motion is denied.

The Amended Complaint sets forth two claims against Gateway that arise under federal statutes and one claim that arises under New Jersey law. The federal statutes provide this Court with the requisite subject-matter jurisdiction to entertain the Amended Complaint against Gateway. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1367 ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). Gateway's contention that the Amended Complaint lacks subject-matter jurisdiction is without merit. Gateway did not challenge the federal nature of the federal statutes, nor could it. Gateway emphatically sought dismissal on one ground, lack of jurisdiction under Rule 12(b)(1), which is an improper ground for dismissal based on the facts of this case.

For the foregoing reasons, and for good cause shown,

IT IS on this 12th day of January, 2010

ORDERED that Gateway's motion is DENIED without prejudice.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.