NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Anthony JOHNSON,

    Plaintiff,

v.

MULTI-SOLUTIONS, INC., et al.,

    Defendants.

Civ. No. 08-5134

OPINION & ORDER

THOMPSON, U.S.D.J.

This matter comes before the Court upon Defendant Gateway Home Equity Inc.'s ("Gateway") Motion for Reconsideration [docket # 50]. The Court has decided the motion upon the written submissions of the parties and without oral argument. For the reasons given below, the motion is DENIED.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (citing *Keene Corp. v. International Fidelity Insurance Co.,* 561 F.Supp. 656, 665 (N.D.Ill.1983)). Gateway argues that the Court made a manifest error of law when it concluded that it had subject matter jurisdiction over this case.

Gateway previously moved to dismiss the First Amended Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). It attached several exhibits to its motion by which it sought to disprove various allegations in the Complaint and thereby show that Plaintiff had no viable federal claims. The Court denied the motion, finding that the First Amended Complaint stated claims that arise under federal statutes and that as a result this Court has federal

question jurisdiction under 28 U.S.C. § 1331.  The Court disregarded Gateway's proffered evidence.

Gateway's position is that, to survive its motion to dismiss for lack of subject-matter jurisdiction, Plaintiff must not only allege that jurisdiction exists but must also produce actual evidence supporting the existence of such jurisdiction.  Gateway correctly notes that there are two types of challenges to subject-matter jurisdiction: "facial" challenges and "factual" challenges, and that when a defendant makes a factual challenge, the Court does not presume that the allegations in the Complaint are true.  *See Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  Gateway seeks to mount just such a "factual" challenge to Plaintiff's claims.  However, in its motion, Gateway makes a "facial" challenge, and it cannot convert this challenge into a "factual" one simply by submitting evidence to the Court.  The difference between a "facial" and a "factual" challenge concerns whether or not the defendant's motion goes to the merits of the plaintiff's claims.  If it does, the challenge is inherently "facial," and it is not the proper subject of a Rule 12(b)(1) motion.  *See Williamson v. Tucker*, 645 F.2d 404, 415-16 (5th Cir. 1981).  The only exception to this rule is when a complaint's federal claims are clearly spurious and included solely for the purpose of establishing subject matter jurisdiction, which is not the case here.  *Id.*  By contrast, "factual" challenges are brought when the existence of jurisdiction is not bound up in the merits of the plaintiff's case, as is generally the case in lawsuits brought under the federal courts' diversity jurisdiction.  *See, e.g., Cohen v. Kurtzman*, 45 F. Supp. 2d. 423 (D.N.J. 1999).

Gateway's motion attacks the merits of Plaintiff's case.  Both the motion to dismiss and the motion for reconsideration make citations to specific allegations in the First Amended Complaint and seek to disprove those allegations by reference to various exhibits appended to

the motions. The factual allegations that Gateway attacks are not mere jurisdictional hooks; they are central components to Plaintiff's claim for relief. Since the motion to dismiss goes to the merits of Plaintiff's claims, it is an inherently "facial" challenge. Therefore, the Court was correct to disregard Gateway's proffered evidence and decide jurisdiction based on the allegations in the Complaint.

Gateway also repeats its argument that the statute of limitations in the Truth in Lending Act (codified at 15 U.S.C. § 1640(e)) operates as a jurisdictional bar to the Court's ability to hear this case. However, the Third Circuit has already decided that "the statute of limitations contained in § 1640(e) is not jurisdictional." *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 505 (3d Cir. 1998).

For the foregoing reasons, it is ORDERED, this 12th day of March, 2010, that Gateway's Motion for Reconsideration [50] is DENIED.

                                             */s/ Anne E. Thompson*
                                                 ANNE E. THOMPSON, U.S.D.J.