ZEICHNER ELLMAN & KRAUSE LLP
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 618-9100
WILLIAM T. MARSHALL, JR. (WM0626)
PHILIP S. ROSEN (PR0116)
KERRY A. DUFFY (KD6480)
Attorneys for Defendant Countrywide Home Loans, Inc.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Anthony Johnson<br>305 Sturwood Way<br>Lawrenceville, NJ 08648<br>　　　　　　　　Plaintiff,<br>v.<br>Multi-Solutions, Inc.<br>197 Route 18 South, South Tower #3000<br>East Brunswick, NJ 08816<br>　　　　　and<br>James Daniels<br>699 West Grand Avenue<br>Rahway, NJ 07065<br>　　　　　and<br>Gateway Home Equity, Inc. d/b/a<br>Gateway Funding Diversified Mortgage<br>Services d/b/a Ivy Mortgage<br>3000 Welsh Road, Building 5<br>Horsham, PA 19044<br>　　　　　and<br>Carl Gensib<br>850-870 Route 1 North<br>North Brunswick, NJ 08902<br>　　　　　and<br>Bank of America Corporation, f/k/a<br>Countrywide Home Loans, Inc.<br>100 N. Tryon Street<br>Charlotte, NC 28255<br>　　　　　　　　Defendants. | Civil Action No. 3:08-CV-05134<br>Hon. Anne E. Thompson<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT COUNTRYWIDE HOME LOANS, INC. PURSUANT TO F. R. Civ. P. 56**<br><br>On the brief:<br><br>　　William T. Marshall, Jr., Esq.<br>　　Kerry A. Duffy, Esq. |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT ........................................................................... 1

LEGAL ARGUMENT ........................................................................................... 3

POINT I   JOHNSON DOES NOT HAVE STANDING TO PURSUE
          CLAIMS AGAINST CHL UNDER TILA, HOEPA AND RESPA ............... 3

POINT II  PLAINTIFF FAILED TO SATISFY THE REQUIREMENTS FOR
          EQUITABLE TOLLING AND, THEREFORE, HIS TILA,
          HOEPA AND RESPA CLAIMS SHOULD BE DISMISSED AS
          TIME-BARRED ............................................................................................. 4

POINT III JOHNSON'S WITHDRAWAL OF THE CFA CLAIMS
          AGAINST CHL IS FURTHER EVIDENCE OF THE LACK OF
          VIABILITY OF HIS REMAINING CLAIMS AGAINST CHL ................... 6

POINT IV  JOHNSON CANNOT RESCIND THE TRANSACTION ............................. 7

CONCLUSION ........................................................................................................ 9

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

Antanuos v. First Nat'l Bank of Arizona,
508 F.Supp.2d 466, 470-71 (E.D.Va. 2007)..................................................................8

Bey v. Daimler Chrysler Servs. of North America, LLC,
2005 U.S. Dist. Lexis 39684 (D.N.J. July 8, 2005)........................................................5

Davis v. Grusemeyer,
996 F. 2d 617, 624 (3d Cir. 1993).................................................................................5

Cetel v. Kirwan Financial Group, Inc.,
460 F. 3d 494, 509 (3d Cir. 2006),
cert. denied, 127 S. Ct. 1267 (2007).............................................................................5

Lind v. New Hope Prop., LLC,
Civil No. 09-3757 (JBS/KMW),
2010 WL 1493003, at *5 (D.N.J. Apr.13, 2010)............................................................8

**Federal Statutes / Rules**

12 U.S.C. § 2601(a)..........................................................................................................3
12 U.S.C. § 2614..............................................................................................................5
15 U.S.C. § 1601(a)..........................................................................................................3
15 U.S.C. § 1603(1)..........................................................................................................7
15 U.S.C. § 1635(e)..........................................................................................................8
15 U.S.C. § 1635(e)(1)......................................................................................................8
15 U.S.C. § 1639..............................................................................................................3
15 U.S.C. § 1640(e)..........................................................................................................5
Regulation Z, 12 C.F.R. § 226.3(a)(1).............................................................................7

## PRELIMINARY STATEMENT

In Johnson's papers in opposition to CHL's motion for summary judgment, Plaintiff concedes there is no claim against CHL based on the New Jersey Consumer Fraud Act (the "CFA"). Hence he has withdrawn Count IV of the Second Amended Complaint against CHL.

In addition, Johnson makes glaring admissions that he had owned but had not lived at the subject property at 854 Greenwood Avenue, Trenton, New Jersey (the "Investment Property")[1]  (¶¶ 8, 10, 11 CHL's Statement of Facts Not in Dispute ("SOF"); that he had refinanced said property through AMC Mortgage in 2004 (¶9 CHL's SOF); that he defaulted on his loan, that foreclosure had ensued, and that the property was in danger of being sold at a Sheriff's sale in the Fall of 2006 (¶¶ 12-15 CHL's SOF); admits that he consulted a friend who was a broker, who advised him what to do about it (See Marshall Decl. ¶7, Exh. 3 (Johnson Dep. Tr. p. 25)); that he signed a letter agreement with Defendant James Daniels to sell the property to him and lease it back from Daniels as a way to save the subject property at 854 Greenwood Avenue, Trenton, New Jersey from foreclosure (¶¶ 19-22, 25, 38, 39 CHL's SOF); admits that he signed the deed and transferred it to Daniels (¶31 CHL's SOF); admits that he signed the HUD-1 Form at the closing (¶ 36 CHL's SOF); admits that his defaulted mortgage with AMC Mortgage was paid off at the property was sold to

---

[1] Plaintiff objects to the term "Investment Property" being used to identify the property known as 854 Greenwood Avenue, in Trenton, New Jersey.  This objection is baseless as the loan documents executed by Defendant James Daniels specifically identify the property as such. Moreover, Plaintiff even concedes that the "Investment Property" was not habitable as was not his primary residence as he and his wife have maintained a primary residence at various addresses in Lawrenceville since at least 2005. (See ¶¶10, 11 CHL's SOF)

Daniels (¶ 33 CHL's SOF); that to consummate the purchase the property from Plaintiff, Daniels obtained a mortgage loan, i.e. a <u>purchase money mortgage</u> loan, consisting of a Note and Mortgage in the amount of $171,900 from Gateway, which sold it to CHL (¶¶55, 56 CHL's SOF); that Daniels defaulted on his mortgage (¶ 57 CHL's SOF); that the property was sold at a Sheriff's Sale on April 29, 2009 (¶ 61 CHL's SOF); and that CHL was not added to this action until October 13, 2009, almost six months after the sale. (¶ 5 CHL's SOF).

But most significantly, Plaintiff Johnson does not contest, and in fact ignores, the most critical of all points in CHL's brief – that he lacks "standing" to bring a claim based on TILA and RESPA, and the other federal statutes, for the simple reason that, as stated in Point I of CHL's moving brief, Johnson was not a "borrower" on the loan extended to Daniels. In fact, any loan obligation Johnson may have had as a borrower was extinguished in 2006 when the proceeds from the loan to Daniels were used, in part, to pay off Johnson's loan to AMC Mortgage. Hence, the claims asserted by Johnson were for Daniels, and for Daniels alone, whom waived all these claims by not contesting the foreclosure proceeding.

Plaintiff's opposition is strewn with misstatements of fact and conclusory allegations which are unsupported by the evidentiary record made in an effort to avoid the inevitable dismissal of his pending claims against CHL. With discovery in this lawsuit having been completed, it is abundantly clear that the Plaintiff Johnson does not have a valid claim for relief against CHL in his Second Amended Complaint.

**LEGAL ARGUMENT**

**POINT I**

**JOHNSON DOES NOT HAVE STANDING
TO PURSUE CLAIMS AGAINST CHL
UNDER TILA, HOEPA AND RESPA**

Johnson, as the admitted seller of the Investment Property, does not have the legal right to pursue any claims against defendants under TILA, HOEPA, and RESPA. (¶¶ 20, 25, 33, 36, 38, 39 CHL's SOF). Johnson is not, in any way, entitled to the protections afford by TILA, RESPA or HOEPA because he is not a "consumer of credit" in this case, was not a home buyer, and was not issued any mortgage from Gateway.[2]

As noted at Point I of CHL's moving brief and as amplified herein, there is no dispute that the underlying purpose of TILA is set forth in 15 U.S.C. §1601(a) which provides, in pertinent part, that "the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit...[.]"[3] (emphasis added). Likewise, RESPA was enacted to "protect home buyers from unnecessarily high settlement charges caused by abusive practices, such as kickbacks and unearned fees. See 12 U.S.C. §2601(a). However, Johnson is not entitled to the protections afford by TILA, HOEPA or RESPA because he is not a "consumer of

---

[2] Moreover, discovery in this matter has not uncovered any violations of TILA, HOEPA or RESPA by Gateway or CHL and none were identified by Johnson in his opposition.

[3] HOEPA amended TILA and establishes disclosure requirements and prohibits equity stripping and other abusive practices in connection with high-cost mortgages. See, 15 U.S.C. § 1639.

credit" in this case, was <u>not</u> a home buyer, and was <u>not</u> issued any mortgage from Gateway.

      Johnson admits executing all necessary documents to effectuate the sale of the Investment Property to Daniels, i.e. a letter agreement confirming Johnson's sale to Daniels, a Deed transferring Johnson's interest in the Investment Property to Daniels, and a HUD-1 which identifies Johnson as the <u>seller</u>. (¶¶ 21, 25, 36, 38, 39 CHL's SOF). Johnson also cannot dispute that through the transaction, and from the proceeds of a loan obtained by Daniels, Johnson's prior mortgage to AMC Mortgage was paid off in full. (<u>See</u>, Marshall Decl. ¶7, Exh. 3). Johnson evens admits that he did <u>not</u> borrow any money in aforementioned transaction, from Gateway or anyone else. <u>Id</u>. As a matter of law, Johnson utterly lacks standing to pursue any claims against Gateway or CHL under TILA, HOEPA and RESPA.

## POINT II

### PLAINTIFF FAILED TO SATISFY THE REQUIREMENTS FOR EQUITABLE TOLLING AND, THEREFORE, HIS TILA, HOEPA AND RESPA CLAIMS <u>SHOULD BE DISMISSED AS TIME-BARRED</u>

      Notwithstanding his lack of standing to assert any claims under TILA, HOEPA and RESPA, Plaintiff also chose not to substantively address the fact that he has failed to satisfy the requirements for equitable tolling. To this end, Plaintiff makes only the blanket statement unsupported by any authority that "plaintiff need not resort to arguments of tolling to support his claim for rescission." (See Plaintiff's Opposition Brief, p.6). What Plaintiff, however, <u>cannot</u> credibly contest is the existence of the one

(1) year limitations period which bars his TILA, RESPA and HOEPA claims for damages.[4]

To invoke the doctrine of equitable tolling, a plaintiff must allege: (1) that the defendant actively misled the plaintiff; (2) which prevented the plaintiff from recognizing the validity of her claim within the limitations period; and (3) *where the plaintiff's ignorance is not attributable to her lack of reasonable due diligence in attempting to uncover the relevant facts.* Cetel v. Kirwan Financial Group, Inc., 460 F. 3d 494, 509 (3d Cir. 2006), cert. denied, 127 S. Ct. 1267 (2007).

*Arguendo,* as noted in CHL's moving papers and as amplified herein, none of the grounds for equitable tolling exist here. First, Johnson admits he had no contact with CHL whatsoever. (See, Marshall Decl. ¶7, Exh. 3) Thus, he cannot sustain the first or prime element of equitable tolling. Second, Johnson does not even allege equitable tolling in Second Amended Complaint, let alone facts sufficient to justify the court's application of equitable tolling to this matter. See Bey v. Daimler Chrysler Services of North America, LLC, 2005 U.S. Dist. LEXIS 39684 at *4 (D.N.J. Jul. 8, 2005). Plaintiff does not satisfy the requirements for equitable tolling because he has not and cannot to demonstrate that CHL actively misled Plaintiff into believing that Plaintiff did not have a cause of action, and because Plaintiff failed to exercise reasonable diligence in attempting to uncover the relevant facts. See Davis v. Grusemeyer, 996 F. 2d 617, 624 (3d Cir. 1993).

---

[4] Under TILA, HOEPA, and RESPA a Plaintiff must sue for damages within one (1) year of the claimed statutory violation. See 12 U.S.C. § 2614 and 15 U.S.C. § 1640(e). Here, Johnson seeks injunctive and declaratory relief, and statutory penalties and damages against Johnson. (See Marshall Decl., Exh. 1, Second Amended Complaint).

Accordingly, even ignoring Johnson's lack of standing to assert the claims, Count I (TILA / HOEPA) and Count III (RESPA) of the Second Amended Complaint against CHL should be dismissed with prejudice.

### POINT III

### JOHNSON'S WITHDRAWAL OF THE CFA CLAIMS AGAINST CHL IS FURTHER EVIDENCE OF THE LACK OF VIABILITY OF HIS REMAINING CLAIMS AGAINST CHL

In opposition, Johnson consented to the dismissal of Johnson's CFA claims against CHL. This action by Johnson is very telling as Johnson's CFA's claims were premised on the statement that the closing constituted a "sale" of the property which "Defendants are in violation and therefore liable to Plaintiff." (See Johnson's Second Amended Complaint ¶109).

Here, it cannot be disputed that Johnson's CFA claims were essentially premised upon alleged violations of federal statutes such as TILA, RESPA and HOEPA. As set forth in Points I and II of this Reply Memorandum, as well in CHL's moving papers, Johnson lacks standing to assert these federal claims against CHL. Moreover, there is not even a scintilla of evidence to support Johnson's allegations regarding these time-barred federal claims. Accordingly, Johnson's Second Amended Complaint should be dismissed with prejudice.


## POINT IV

## JOHNSON CANNOT RESCIND
## THE TRANSACTION

*Arguendo Johnson has standing,* there is no right under federal statutes such as TILA to rescind the loan for the Investment Property. TILA applies only to consumer credit transactions and, therefore, does not apply to credit extended for "business, commercial, or agricultural purposes." 15 U.S.C. § 1603(1); see also Regulation Z, 12 C.F.R. § 226.3(a)(1). The loan which Johnson seeks to have rescinded is one issued to Daniels by Gateway in connection with Daniels' purchase of the Investment Property. As a matter of law, Johnson lacks standing to pursue and is not entitled to such relief, nor would Daniels be entitled to such relief either for that matter as Daniels waived such claim by not contesting the ultimate foreclosure of the Investment Property. Johnson's claim for rescission under TILA fails because the subject loan transaction between Daniels and Gateway does not fall within the scope of the statute.

In opposition, Johnson makes conclusory allegations that there is a lack of proof that the subject property was an Investment Property. (Plaintiff's Opposition Brief, p.6)  This is simply not true. Johnson's cannot dispute the nature of the loan obtained by Daniels from Gateway, i.e. it was represented to Gateway as being an Investment Property. No one, not even Johnson, resided at the Investment Property for several years. (¶¶10-11  CHL's SOF). The property was rented out by Daniels to Johnson after the purchase transaction was completed. (See, Marshall Decl. ¶7, Exh. 3) This is evidenced by the fact that Johnson even concedes entering into a lease with

7

Daniels to rent the Investment Property, all the while Johnson and his wife resided in a separate town (Lawrenceville) altogether. (¶¶39 CHL's SOF).

Courts have consistently held that loans obtained to purchase non-owner-occupied rental property are for a "business purpose" and are not covered by TILA. See, Antanuos v. First Nat'l Bank of Arizona, 508 F.Supp.2d 466, 470-71 (E.D.Va. 2007); Lind v. New Hope Prop., LLC, Civil No. 09-3757 (JBS/KMW), 2010 WL 1493003, at *5 (D.N.J. Apr.13, 2010). Johnson cannot dispute that the loan issued by Gateway to Daniels falls into this category.

Moreover, it should be noted that even if this Court were for some reason to determine that the property at issue was not Investment Property, Johnson would still not be entitled to rescission. As noted in Point V of CHL's moving brief, the loan transaction to Daniels by Gateway was a "purchase money mortgage" transaction which is specifically exempt from rescission pursuant to 15 U.S.C. § 1635(e)(1).

8

## CONCLUSION

By reason of the foregoing, the Motion for Summary Judgment by Countrywide Home Loans, Inc. dismissing Johnson's Complaint should be granted, as a matter of law, in its entirety.

DATED:   Roseland, New Jersey
May 30, 2011

ZEICHNER ELLMAN & KRAUSE LLP
Attorneys for Defendant Countrywide Home Loans, Inc.

BY: *William C. Marshall Jr.*
WILLIAM T. MARSHALL, JR. (WM0626)
KERRY A. DUFFY (KD6480)